TERRITORY OF DAKOTA, Defendant in Error, *v.* ANDERSON, Plaintiff in Error.

**Criminal Law — Larceny — Indictment — Sufficiency.**

Under a statute defining larceny to be " the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof," an indictment (omitting time and place) charging that the defendant " did fraudulently and feloniously, steal, take and carry away divers bank bills, commonly known and denominated as national currency, of divers denominations, the numbers and denominations of which are to the grand jury unknown, of the amount and value of $25, which said bills circulated and passed as money, and which were then and there the property and in the possession of one Bruno Theil, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of Dakota," is sufficient on motion in arrest of judgment.

(Argued at the May Term, 1889, and determined at the October Term, 1889.)

ERROR to the district court, Minnehaha county; Hon. F. R. AIKENS, Judge.

The defendant, John Anderson, was convicted of the crime of grand larceny. At the proper time he moved the court in arrest of judgment, "for the reason that the facts stated in the indictment * * * do not constitute a public offense." This motion was denied and final judgment was entered against him, whereupon he sued out this writ.

The indictment and the statute defining the offense are stated in the head-note.

*Winsor & Kittredge,* for plaintiff in error.

Larceny, in this territory, is a statutory crime. § 508, Pen. C. The indictment is insufficient, for, assuming it good in other re-

spects, it does not appear that the property was taken " with the intent to deprive another thereof."

*Johnson Nickens, Attorney-General,* for defendant in error.

Under the rules of pleading prescribed by the C. Cr. Pro., and the authorities under like statutes, the indictment is sufficient. §§ 214, 215, 221; People v. King, 27 Cal. 513; People v. Vance, 21 id. 400; Berg v. State, 2 Tex. App. 148.

By the COURT :

The judgment in this case is affirmed.   All of the justices concur except AIKENS, J., not sitting.